[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiffs, Jacqueline Strobel, Kenneth Strobel and F.S.B. Associates, L.L.C. (FSB), filed a seven count complaint dated April 14, 1997 against the defendants Peter Stiglin, James Taylor and Phyllis Wojan. The complaint sounds in defamation, violation of the Connecticut Unfair Trade Practices Act (CUTPA), General Statutes § 42-110a et seq, and intentional infliction of emotional distress. On April 13, 1999, the defendant Taylor filed a motion to strike the third, fifth and seventh counts of the complaint.
Jacqueline and Kenneth Strobel are residents of Cornwall Bridge, Connecticut, and principals of FSB. FSB attempted to obtain municipal zoning approval permitting the excavation of gravel from its property located at 234 Kent Road. Taylor owns approximately 106 acres of land located at 226 Kent Road that is adjacent to the Strobels' land.
Stiglin, who is the employee and agent of Taylor, stated that "the plaintiffs had a history of past violations of town CT Page 6655 ordinances and that they were guilty of illegal encroachment upon the land of an immediate neighbor." (Complaint, Third Count, ¶ 5) Strobel alleges that these statements are defamatory and that she should be able to recover punitive damages, as well as compensatory damages and costs.
In the fifth count, Strobel alleges that "Taylor and Stiglin were engaged in trade and commerce in . . . Connecticut within the meaning of § 42-110a(4) of the Connecticut General Statutes . . ." (Compl., Fifth Count, ¶ 4). Strobel claims that "Stiglin and Taylor engaged in and orchestrated others to engage in a campaign of harassment designed specifically to deprive the plaintiffs of the reasonable, fair and lawful use of their . . . property." (Compl., Fifth Count, ¶ 8). Strobel alleges that this "campaign of harassment" constituted "unfair and deceptive acts and practices in the conduct of trade and commerce within the meaning of . . . [CUTPA]." (Compl., Fifth Count, ¶ 9).
In the seventh count, Strobel alleges that Stiglin, acting on behalf of Taylor, intentionally caused the plaintiffs to suffer emotional distress through Stiglin's "campaign of harassment." (Compl., Seventh Count, ¶¶ 8, 21).
Taylor filed a motion to strike the third, fifth and seventh counts on April 13, 1999. He moves to strike the third count on the grounds that punitive damages are not appropriate for a defamation claim based on the doctrine of respondent superior. He moves to strike the fifth count on the grounds that the plaintiffs failed to allege sufficiently that Taylor engaged in conduct that violated CUTPA. He moves to strike the seventh count on several grounds, including: (1) FSB cannot suffer emotional distress because it is a limited liability company; (2) the conduct alleged is not "extreme and outrageous"; and (3) the plaintiffs failed to allege that Taylor consented, participated in, or ratified Stiglin's conduct.
"The purpose of a motion to strike is to contest the legal sufficiency of the allegations of any complaints to state a claim upon which relief can be granted." Peter-Michael, Inc. v. SeaShell Associates, 244 Conn. 269, 270, 709 A.2d 558 (1998). A motion to strike "admits all facts well pleaded; it does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings." Faulkner v. United Technologies Corp.,240 Conn. 576, 588, 693 A.2d 293 (1997). "A motion to strike a single paragraph is technically improper when the paragraph does CT Page 6656 not purport to state a cause of action. Likewise, where individual paragraphs standing alone do not purport to state a cause of action, a motion to strike cannot be used to attack the legal sufficiency of those paragraphs." Braun v. Sudol, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 156646 (Sep. 11, 1998, D'Andrea, J.)
Taylor moves to strike the punitive damages clause of the third count of the complaint. Since a claim for punitive damages, standing alone, does not state a cause of action, and Taylor does not move to strike the entire third count, the court denies Taylor's motion to strike the third count. See Braun v. Sudol, supra, Superior Court, Docket No. 156646.
"CUTPA provides that no person shall engage in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." General Statutes § 42-110b
(a); Abrahams v. Young Rubicam, Inc., 240 Conn. 300, 306,692 A.2d 709 (1997). "In order to enforce this prohibition, CUTPA provides a private cause of action to any person who suffers any ascertainable loss of money or property, real or personal, as a result of the use or employment of a prohibited method, act or practice." (Internal quotation marks omitted.) Id.
"Thus, in order to prevail in a CUTPA action, a plaintiff must establish both that the defendant has engaged in a prohibited act and that, as a result of this act, the plaintiff suffered an injury." (Internal quotation marks omitted.) Abrahamsv. Young Rubicam, Inc., supra, 240 Conn. 306. Strobel's assertion that Taylor was engaged in trade or commerce is not supported by the facts in the complaint. "Trade or commerce," as defined by CUTPA, is "the advertising, sale or rent or lease, the offering for sale or rent or lease, or the distribution of any service and any property, tangible or intangible, real, personal or mixed, and any other article, commodity, or thing of value in this state." General Statutes § 42-110a(4)
Although Taylor owns land adjacent to Strobel, and Taylor may have manifested an intent to use the land for a commercial purpose, Taylor is not advertising, offering for sale, or distributing any real or personal property. Strobel has not sufficiently alleged that Taylor is engaged in trade or commerce. Taylor's motion to strike the fifth count is granted.
"In order for the plaintiff to prevail in a case for CT Page 6657 liability under intentional infliction of emotional distress, four elements must be established. It must be shown: (1) that the actor intended to inflict emotional distress; or that he knew or should have known that emotional distress was a likely result of his conduct; (2) that the conduct was extreme and outrageous; (3) that the defendant's conduct was the cause of the plaintiff's distress; and (4) that the emotional distress sustained by the plaintiff was severe. . . . [l]iability for intentional infliction of emotional distress requires conduct exceeding all bounds usually tolerated by decent society, of a nature which is especially calculated to cause, and does cause, mental distress of a very serious kind." (Internal quotation marks omitted.)DeLaurentis v. New Haven, 220 Conn. 225, 266-67, 597 A.2d 807
(1991)
Jacqueline and Kenneth Strobel claim that Stiglin intentionally inflicted their emotional distress because of Stiglin's comments regarding the Strobels' alleged violation of town ordinances and illegal encroachment. In order to establish an intentional infliction of emotional distress claim against Taylor, the Strobels assert that the doctrine of respondeat superior applies.
"Under the doctrine of respondeat superior, a master is liable for the wilful torts of his servant committed within the scope of the servant's employment and in furtherance of his master's business." (Internal quotation marks omitted.) Glucksmanv. Walters, 38 Conn. App. 140, 144, 659 A.2d 1217, cert. denied,235 Conn. 914 (1995). "[T]he vital inquiry in this type of case is whether the servant on the occasion in question was engaged in a disobedient or unfaithful conducting of the master's business, or was engaged in an abandonment of the master's business. Unless the employee was actuated at least in part by a purpose to serve a principal, the principal is not liable." (Citations omitted; internal quotation marks omitted.) Id.
Strobel has pleaded that Stiglin's actions were "malicious and carried out for the purpose of causing the plaintiff to suffer emotional distress," and that Stiglin's actions were "extreme and outrageous." (Compl., Seventh Count, ¶¶ 20, 21). However, Strobel does not allege how Taylor, Stiglin's employer, consented to, participated in, or ratified Stiglin's comments. As to Taylor, the seventh count states that "Stiglin was the agent, servant and employee of . . . Taylor and was acting within such capacity on behalf and in the name of the defendant Taylor." CT Page 6658 (Compl., Seventh Count, ¶ 3). This is a legal conclusion that can be the basis for a motion to strike. See Faulkner v. UnitedTechnologies Corp., supra, 240 Conn. 588.
In addition, Strobel has not alleged that Taylor's actions were carried out for the purpose of causing Strobel to suffer emotional distress, nor did Strobel allege that Taylor's actions were extreme and outrageous. Therefore, Taylor's motion to strike the seventh count is granted.[1]
Taylor's motion to strike the third count of Strobel's complaint is denied, but granted as to the fifth and seventh counts.
So Ordered.
WALTER M. PICKETT, JR., JUDGE TRIAL REFEREE